HARRIET I. McPHERSON, RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, APPELLANT.

Argued January 22, 1925—Decided March 16, 1925.

On appeal from the Supreme Court, whose opinion is reported in 100 *N. J. L.* 262.

For the respondent, *William C. Gebhardt & Son* (*W. Reading Gebhardt,* of counsel).

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

PER CURIAM.

In the opinion filed in the Supreme Court we find this: "The presumption was that the centre door was opened by an employe of the defendant. The open door was an invitation to the plaintiff to enter the car. When the door was suddenly closed, catching the plaintiff, the presumption was that it was closed by an employe of the defendant. From these facts there arose a presumption of negligence on the part of the defendant. It was such an accident that its mere happening charged the defendant with negligence and placed upon it the burden of showing that the plaintiff's injury was not due to any fault on its part. The doctrine of *res ipsa loquitur* applied." In *Hughes* v. *Atlantic City Railroad Co.,* 85 *N. J. L.* 212, a charge of the trial judge that "when an accident of this kind happens to some of the means of transportation the law shifts the burden of proof from the plaintiff, as to the explanation or showing the actual cause, to the defendant, and imposes upon it the burden of making an explanation exculpating itself from negligence," was held to place too great a burden on the defendant and the case was reversed. The opinion quotes with approval from Mr. Justice Dixon in *Whalen* v. *Consolidated Traction Co.,* 61 *Id.*

606, "that when a passenger shows that he was injured through some defect in the appliances of the carrier, or through some act or omission of the carrier's servant, which might have been prevented by due care, then the jury have the right to infer negligence, unless the carrier proves that due care was exercised," and the opinion concludes that the "inference from the mere happening of the accident may be a legal inference in the sense that it is permitted by the law, but it is not a legal inference in the sense that it is required." It is quite probable that the opinion of the learned justice in the Supreme Court in the present case was intended only to assert that the jury might infer negligence from the mere happening of the accident, but the language being susceptible of a broader significance, attention is called thereto that it may not be understood as modifying the rule laid down by this court in the case cited.

The judgment of the Supreme Court will be affirmed on its opinion, except in so far as that opinion is qualified by this memorandum.

*For affirmance*—THE CHANCELLOR, TRENCHARD, BLACK, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 10.

*For reversal*—None.